18 F.3d 954
 305 U.S.App.D.C. 194
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Darnell K. JACKSON, Appellant.
 No. 93-3128.
 United States Court of Appeals, District of Columbia Circuit.
 March 9, 1994.
 
 Before: EDWARDS, BUCKLEY and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that Jackson's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Darnell Jackson appeals his conviction for possession by a convicted felon of a firearm transported in interstate commerce, in violation of 18 U.S.C. Secs. 922(g)(1) (possession) and 2 (aiding and abetting).
 
 
 5
 Jackson asserts that the evidence was insufficient to support his conviction. However, viewing the evidence in the light most favorable to the government, a rational jury could have found that Jackson had the requisite knowledge and the requisite dominion and control over the shotgun to warrant conviction under a constructive possession or aiding and abetting theory. In particular, we note the testimony that Jackson had a brief conversation with the driver of a black pickup truck and then made a pointing gesture; that, in a nearby parking lot shortly thereafter, Jackson accompanied Bruce Morton as Morton transferred two objects from the black pickup truck to Jackson's Isuzu; that at least one of the objects "look[ed] like" a shotgun; that Jackson shook the pickup driver's hand when the transfer was complete; that Jackson then fled from the police; and that a shotgun stock and receiver and a compatible barrel were recovered in the area where an object was thrown from the Isuzu during the ensuing chase.
 
 
 6
 Jackson also asserts that the district court erred in refusing to give Jackson's version of the constructive possession instruction. However, because the court's instruction adequately stated both the knowledge and the dominion and control elements of constructive possession, the court did not abuse its discretion in using its own formulation rather than Jackson's.
 
 
 7
 Finally, Jackson asserts that the court plainly erred in not giving a specific intent instruction in connection with the aiding and abetting charge. Because the district court described the mental state required for aiding and abetting using the relevant language from United States v. Raper, 676 F.2d 841 (D.C.Cir.1982), the court did not err in failing to include a specific intent instruction.